[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10770
_____

D.C. Docket No. 1:15-cv-04013-ELR

BLACK BOX ROYALTIES, INC.,
ALBERT MARIA-JANSEN,
Individually and as Representative of the Estate of
Arthur Lee Conley,

                                        Plaintiffs-Appellants,

versus

UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC GROUP, INC., et al.

                                        Defendants-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 16, 2020)

Before GRANT and MARCUS, Circuit Judges, and AXON,[*] District Judge.

AXON, District Judge:

Black Box Royalties, Inc. ("Black Box"), and Albert Maria-Jansen filed this breach of contract action against Universal Music Publishing, Inc., Universal Music Group, Inc., UMG Recordings, Inc., Universal Music—MGB NA, LLC d/b/a Universal Music—MGB Songs, and Rondor Music International, Inc., (together "Universal"), claiming that Universal failed to pay Maria-Jansen royalties as required by several publishing agreements. Finding that Black Box failed to present any evidence of breach or damages, the district court granted summary judgment in favor of Universal. Black Box and Maria-Jansen appealed,[1] and we affirm.

## I.    BACKGROUND

Between 1964 and 1970 Arthur Conley executed several publishing agreements with East Publications, Inc., in exchange for royalty payments. Through a series of corporate acquisitions, Universal now owns those agreements. Upon his

---

[*] Honorable Annemarie C. Axon, United States District Judge for the Northern District of Alabama, sitting by designation.

[1] The district court held that Maria-Jansen did not have standing to sue because he assigned his interest to Black Box. On appeal, Maria-Jansen does not challenge the district court's finding that he lacked standing. Thus, he has waived that argument. See United States v. Jernigan, 341 F.3d 1273, 1283 n.84 (11th Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate . . . . Otherwise, the issue . . . will be considered abandoned."). Because he lacked standing in the district court, he cannot challenge the merits of the court's summary judgment ruling on appeal. See Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353–54 (11th Cir. 2003). Consequently, the Court's description of the facts and arguments will focus on Black Box alone.

death, Conley left his royalty interests to his partner, Maria-Jansen. Suspecting that Universal was not paying him all the royalties due on Conley's music, Maria-Jansen assigned his interest in the contracts to Black Box to recover potential outstanding royalties from Universal.

## II.     PROCEDURAL HISTORY

Black Box and Maria-Jansen sued Universal for various claims, including breach of contract. After dismissing all of the claims except for the breach of contract claim, the court entered a scheduling order adopting the time limits set out in the Federal Rules of Civil Procedure and the local rules of the Northern District of Georgia. The Northern District of Georgia assigns cases to one of three discovery tracks: (1) a zero-month discovery period; (2) a four-month discovery period; or (3) an eight-month discovery period. In accordance with the local rules, the court docketed the case under the four-month discovery track.

Four days before discovery ended, Black Box filed a motion requesting a change to a scheduled deposition. In its motion, Black Box stated that the case was assigned to an eight-month discovery track. The court denied the motion and pointed out that the case was assigned to the four-month discovery track, making the scheduled deposition untimely. However, the court permitted depositions to proceed outside of the discovery period as previously scheduled.

3

Black Box then filed a motion to reopen and extend discovery citing various causes for delay and reminding the court that the parties had requested an extended discovery period in their joint report and discovery plan at the beginning of case. The court granted Black Box's motion in part, allowing one additional month to complete expert discovery but denying the request to reopen fact discovery. Black Box filed a motion to reconsider, arguing that it reasonably believed that it had eight months to conduct discovery and that the court's decision to end discovery deprived it of due process. The court denied Black Box's motion, stating that it had already rejected the argument about the reasonableness of Black Box's belief and that Black Box had "conducted no discovery in the four-month discovery period" and had still not complied with discovery deadlines even after the extension for expert discovery.

Universal then moved for summary judgment. In response, Black Box filed a motion to defer judgment and reopen discovery pursuant to Federal Rule of Civil Procedure 56(d). The court denied Black Box's motion, finding that Black Box already had "an adequate opportunity" for discovery, and it granted summary judgment in favor of Universal. First, the court found that Maria-Jansen did not have standing to sue because he had assigned his interest to Black Box; second, the court found that Black Box failed to produce twenty of the twenty-two contracts at issue[2]

---

[2] There is some disagreement about whether twenty or twenty-two contracts were actually at issue in this case. Throughout their briefing, both parties refer to twenty-two disputed contracts.

USCA11 Case: 19-10770    Date Filed: 12/16/2020    Page: 5 of 10

and thus could not prove that Universal breached the terms of those contracts; and third, the court found that Black Box failed to present evidence that Universal breached the two contracts in the record. Black Box filed this appeal challenging the district court's summary judgment ruling and its denial of the Rule 56(d) motion.

## III.    STANDARD OF REVIEW

We review a district court's denial of a Rule 56(d) motion for an abuse of discretion. Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998) (discussing the predecessor to Rule 56(d)).

We review a district court's grant of summary judgment de novo, applying "the same legal standards that governed the district court." Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc., 920 F.3d 704, 707 (11th Cir. 2019). Summary judgment is appropriate against "a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV.    DISCUSSION

This case is straightforward: Black Box had the burden to present evidence of the essential elements of its claim, and it failed to do so. Black Box presented only

---

But as the district court noted, the complaint lists only twenty songs. Like the district court, this Court will assume that twenty-two contracts are at issue. In any event, the number of royalty agreements does not affect this Court's analysis because the record contains evidence of only two contracts.

two of the disputed royalty agreements to the district court, and it did not point the court to any specific instances of breach. Black Box claims that its failure to present evidence of a breach should be excused because it "reasonably misunderstood" the scheduling order. But the scheduling order was clear, and Black Box's purported misunderstanding of the scheduling order was not reasonable and does not excuse its failure to conduct discovery or present evidence in opposition to summary judgment. Thus, the district court properly denied Black Box's Rule 56(d) motion and correctly held that Black Box failed to carry its summary judgment burden of production.

### A.    Black Box's Rule 56(d) Motion

The district court's denial of the Rule 56(d) motion impacts our summary judgment analysis, so we discuss it first. Rule 56(d) permits a movant to "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d). The court may defer consideration of the motion, deny it, "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." *Id.* The court's decision is discretionary and depends in large part on

6

whether the parties had "ample time and opportunity for discovery." *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989).

The district court did not abuse its discretion by denying Black Box's Rule 56(d) motion. Contrary to Black Box's contention that it reasonably understood the order to require an eight-month discovery period, the scheduling order clearly set a four-month period: the order expressly adopted the time limit for discovery "set out in . . . the Local Rules of this Court," which call for a four-month discovery track for contract cases like this one. N.D. Ga. L. R. 26.2(A) & App'x F. Plaintiffs' counsel knew the local rule because he indicated on the civil cover sheet that the case would typically proceed under the four-month discovery track. The fact that Black Box (or even Universal) may have asked for a longer period does not cloud the clarity of the court's scheduling order, especially in light of the court's indication on the docket sheet that the case was proceeding on the four-month discovery track.

Faced with a clear scheduling order that gave the parties four months to complete discovery, Black Box did not propound a single discovery request upon Universal. Even after the court later extended the expert discovery deadline, Black Box still did not conduct any discovery. Black Box had "ample time and opportunity for discovery." Barfield, 883 F.2d at 932; see also Fla. Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990) (holding that the denial of a Rule 56(d) motion was not an abuse of discretion where, among other things, the

7

court had extended the discovery deadline already). Therefore, the district court did not abuse its discretion by denying Black Box's Rule 56(d) motion.

### B.    Universal's Motion for Summary Judgment

Black Box claims that Universal breached twenty-two royalty agreements, but it failed to present evidence from which a reasonable jury could find in its favor. Under Georgia law, a party advancing a breach of contract claim must first present the actual terms of the contract. Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1330–31 (11th Cir. 2016); Key v. Naylor, Inc., 602 S.E.2d 192, 195 (Ga. Ct. App. 2004). Next, the plaintiff must show that the defendant breached the contract terms, causing damage to the non-breaching party. SAWS at Seven Hills, LLC v. Forestar Realty, Inc., 805 S.E.2d 270, 274 (Ga. Ct. App. 2017).

Here, Black Box did not present evidence of the terms of twenty of the disputed royalty agreements. Although it was Black Box's burden to present evidence of the terms of each contract, it produced only two of the royalty agreements to the court. Without evidence of the terms of the twenty missing contracts, a reasonable jury could not find that Universal breached those contracts. Accordingly, the district court properly granted summary judgment in favor of Universal on the breach of contract claim relating to the twenty missing contracts.

Black Box did, however, present two of the disputed contracts to the court for consideration, thereby carrying its burden to present evidence of the terms of those

8

contracts.  Black Box advanced several theories of breach, but those theories all suffered from the same deficiency: a failure to present any evidence from which a reasonable jury could find that Universal did not comply with the contract terms. For example, Black Box claims that Universal failed to pay the United States statutory rate for royalties.  But nothing in the contracts requires Universal to pay the statutory rate.  Similarly, Black Box claims that Universal failed to pay royalties on certain exploitations of the songs governed by the royalty agreements but could not point the court to any specific instance where Universal failed to do so.

On appeal, Black Box argues that the district court "gave up" and failed to search the record for evidence that Universal did not pay Black Box what it was owed.  But there are limits to how much effort a district court must exert in searching the record on a plaintiff's behalf.  See, e.g., Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (holding that "district court judges are not required to ferret out delectable facts buried in a massive record"); Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts . . . .").  The district court correctly found that it would be a waste of judicial resources to "scour the record" in search of specific violations of the publishing agreements where Black Box had not pointed to any such violations.  The burden to produce and identify evidence of breach is on Black Box, not on the court.

9

For all twenty-two contracts at issue in this case, Black Box failed to meet its evidentiary burden.  Even construed in the light most favorable to Black Box Royalties, the record contains no evidence from which a reasonable jury could find that Universal breached any of the contracts.  Thus, the district court properly granted summary judgment in favor of Universal.  We therefore affirm the district court's grant of Universal's motion for summary judgment and denial of Black Box's Rule 56(d) motion.

**AFFIRMED.**